Battle, J.
 

 In
 
 The State Bank
 
 v.
 
 Hinton,
 
 1 Dev., 397, it was said by the court, in speaking of the attachment law, that “there is no law in the statute book which more imperiously demands a strict construction; for the property of an absentee may be all sold upon an attachment wrongfully sued out, before he is apprised of the proceeding, and, if he then should discover that no bond and affidavit were taken and returned, his remedy must at best be .very imperfect.”
 

 The plea in abatement, filed by the defendant in the present case, does not aver that no bond and affidavit had been, taken and returned to court, as required by the Rev. Code,, ch. 7, sec. 3; but that no such bond and affidavit had been taken and returned as entitled the plaintiff to sue out an attachment against the defendant. The defect is alleged to be in the affidavit, and it must be inferred from what was said by the court in
 
 Gorman
 
 v.
 
 Barringer,
 
 2 Dev. & Bat, 502,
 
 Evans
 
 v.
 
 Andrews,
 
 7 Jon., 117,
 
 Cherry
 
 v.
 
 Nelson, Ibid,.
 
 141, that a plea in abatement is the proper mode for takings advantage of it. It is manifest that the same policy which
 
 *170
 
 requires a strict construction of the statute in relation to the taking and return of the affidavit and bond must likewise require that such affidavit and bond shall be sufficient in law to authorize the extraordinary remedy of attachment.
 

 The alleged defects in the affidavit are: first, that the plaintiff does not swear positively that the defendant had removed himself out of the county, or was absent from the county and State, so that the ordinary process of law could not be served'upon him; and, secondly, that such removal or absence is not stated in the terms required by the statute. As to the sufficiency of the first objection it is unnecessary for us to decide, because we think that the second is certainly fatal to proceeding. The first section of the act requires that a person, who proposes to take out an attachment against the property of a debtor, shall swear to either one of three things, to wit: that he hath removed or is privately removing himself out of the county;
 
 or
 
 absents himself from the county or State;
 
 or
 
 conceals himself, so that the ordinary process of law cannot be served on him.
 

 Here it is manifest that the removal from the county, or the absence from the county or State, or the concealment, must be an act of the party done for the purpose of avoiding the service of the ordinary process of the law; and that fact must be sworn to by the plaintiff. If he swear to’ two or more of these acts m the alternative, each must be substantially in the terms required by the statute; otherwise he might obtain an attachment upon a ground which the law has not sanctioned. Of this the present case fur. nishes a striking instance. The affidavit is that the defendant “ hath removed himself out of the county, or is absent from the county and State, so that the ordinary process of law cannot be served upon him.” Here it is apparent that neither of the alternative acts meet, either literally or substantially, the requirement of the statute. A mere removal from the county, wdthout its being done privately, is not a
 
 *171
 
 sufficient cause for an attachment; nor is a mere absence from the county and State, without any design of evading process. And yet the terms used, upon which the attachment was issued, do not imply either a wrongful removal or absence. This defect cannot be aided by the inference,
 
 “
 
 so that the ordinary process of law cannot be served on him.” That inference must follow legitimately from the facts stated, and cannot supply the '’omission of the statement of the facts themselves.
 

 It is obvious, thei^fore, that the affidavit is fatally defective, and the plea in abatement was on that account properly sustained.
 

 Per Curiam. Judgment affirmed.